**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

**STANLEY LANGE** and
**KEREN LANGE,**

                              Plaintiffs,

-vs-

**PELICAN GROUP EMPLOYER**
**SOLUTIONS PLAN,**
**THE PELICAN GROUP, INC.,**                    Case No.: 04-C-809
**CORPORATE BENEFIT SERVICES OF**
**AMERICA, INC.,**
**EXECUTRAIN OF WISCONSIN, INC.**
**KOJO BEN TAYLOR,**
**ABC INSURANCE COMPANY**,
**DEF INSURANCE COMPANY**,
**GHI INSURANCE COMPANY**, and
**JKL INSURANCE COMPANY**,

                              Defendants.

---

## ORDER ON MOTION FOR SANCTIONS

---

This is an action for breach of fiduciary duties, recovery of benefits and estoppel arising out

of a failure to pay medical, surgical and hospital expenses allegedly due under a self-funded welfare

plan maintained by Executrain of Wisconsin, Inc., and subject to the Employee Retirement Income

Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.  The case is now before me on plaintiffs'

motion for sanctions against the defendants Kojo Ben Taylor, the Pelican Group, Inc. (Pelican), and

The Pelican Group Employer Solutions Plan, Inc. (the Plan), for failing to appear at their

depositions.  For the reasons that follow, plaintiffs' motion will be granted.

The record reflects that counsel for plaintiffs scheduled the depositions of Taylor and designated representatives of Pelican and the Plan to take place on December 16, 2005, in Minneapolis, Minnesota. Counsel sent a letter and notices of depositions for each of the defendants on December 5, 2005, via overnight federal express to defendant Taylor at his residence in Minnesota. Taylor is the manager and an officer or director of Pelican and a fiduciary and the contact person for the Plan. None of these defendants are presently represented by counsel in this matter.

The letter and notices were delivered to Taylor's residence on December 6, 2005. Counsel for the plaintiffs flew from Appleton, Wisconsin to Minneapolis on December 15, 2005, in anticipation of the depositions scheduled to take place the following day. Neither Taylor, nor a representative for either of the other defendants whose depositions were to take place, appeared, however. Only the court reporter counsel had retained to record the depositions, along with two representatives and counsel for defendant Corporate Benefit Services of America, Inc. (CBSA), appeared at the scheduled time and place. Upon his return to Wisconsin, counsel for the plaintiffs discovered that Taylor had sent an email approximately eighteen hours before the scheduled time for the depositions and after he had already left Wisconsin for Minnesota stating that he would not be appearing. The email stated simply:

> Mr. Culp,
>
> I understand you're planning a deposition of me tomorrow. The information was delivered to me too late. The time and date doesn't work for me. Let's reschedule at a [time] convenient to both of us.

(Aff. of Peter Culp, Ex. D.) This was the first time Taylor had communicated with counsel for plaintiffs by electronic mail.

2

On the basis of these facts, plaintiffs filed a motion for sanctions against Taylor, Pelican and the Plan pursuant to Fed. R. Civ. P. 37(d). Plaintiffs requested an order compelling these three defendants to pay the costs incurred by them for their attorney's travel and related expenses ($727.50), his preparation time for the depositions and motion ($ 1,425) and the court reporter fee ($108.50). In addition, plaintiffs request that these defendants be ordered to provide their attorney at least ten separate dates over the next month on which they would be available to appear at a location within 100 miles of this court for their depositions. Finally, plaintiffs request that the court caution these defendants that failure to comply with the court's order or any other discovery obligations may be grounds for striking their answers and affirmative defenses and entering a default judgment against them based on the demand of the complaint.

Plaintiffs electronically filed their motion for sanctions on January 1, 2006. On January 27, 2006, one day after a response was due,[1] Taylor filed an affidavit in which he states that even though the notice of depositions arrived at his house on December 6, he did not see it until a member of his family handed it to him "a few days before the deposition date of December 16, 2005." (Aff. of Kojo Ben Taylor ¶ 5.) Taylor speculates that the letter and notices may have been left at an entrance door to his home that his family seldom uses. (*Id.*) In any event, Taylor states that he did not have enough time to gather the documentation that counsel for plaintiffs had requested and therefore notified counsel via electronic mail of the fact he would not be attending. (*Id.* ¶¶ 7, 8.)

I note at the outset that no response has been filed by defendants Pelican and the Plan. Taylor is not an attorney and thus may not represent those defendants. *Mendenhall v. Goldsmith*, 59 F.3d 685, 687 n. 1 (7th Cir.1995) ("A corporation can appear only by counsel."). Thus,

---

[1] Although plaintiffs claim defendants' response was due on January 23, they fail to take into account the fact that service of their motion on the defendants was by mail. Under Fed. R. Civ. P. 6(e), three days are added when service is made by mail.

plaintiffs' motion is unopposed as to Pelican and the Plan. As for Taylor himself, I find his excuse for his failure to attend his deposition insufficient.

As plaintiffs argue in their reply, there is good reason to question Taylor's credibility. His explanation is vague and supported by nothing but his own self-serving statements. In addition, several of Taylor's factual statements in his affidavit are belied by the record. For example, he stated in his affidavit that he had been "under intense pressure producing documents for the Department of Labor to reconcile the 401K plan account of former employees." (Taylor Aff. ¶ 6.) Yet, the record reveals that he entered a consent decree with the Secretary of the Department of Labor three months before the scheduled date for his deposition. Likewise, his claims in email to counsel in connection with efforts to reschedule the depositions that he would be out of the country from the second week of January until the second week of February is belied by his own affidavit which indicates it was notarized in the State of Minnesota on January 18.

Even assuming Taylor's vague explanation as to why he did not receive the notice of depositions early enough for him to gather all of the documents counsel requested is true, however, this was no excuse for his simply not attending. Taylor could have gathered what he could, appeared at his deposition, and explained why he was unable to gather the rest. Instead, he chose not to attend, sent an ineffective email to counsel informing him of his decision and has yet to produce the requested documents. His failure to attend his deposition not only delayed resolution of the case but cost plaintiffs substantial money.

Regardless of the truthfulness of Taylor's explanation, I conclude that his failure to appear at his properly noticed deposition, like that of Pelican and the Plan, warrants sanctions under Rule 37. I disagree with plaintiffs, however, with respect to the precise sanction that should be imposed. Rather than order the non-attending defendants to pay all of the expenses of the previously

4

scheduled depositions, I conclude that it is sufficient to order Taylor and the designated representatives of Pelican and the Plan to pay the costs of the court reporter for the aborted depositions and to make themselves available for deposition at the offices of plaintiffs' counsel or some other similarly convenient location he may designate at their expense. In addition, the non-attending defendants should pay $1,000 of counsel's preparation costs, since presumably counsel will need less time to again prepare for the same depositions. This should be sufficient to place plaintiffs in the position they would have been in had these defendants complied with the deposition notices. Defendants will also be cautioned that failure to comply with this court's order or any further failure to comply with their discovery obligations may result in the striking of their answers and affirmative defenses and entry of default judgment against them based on the demand of the complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Plaintiffs' Motion for Sanctions against the defendants, Benjamin Taylor, the Pelican Group Employer Solutions Plan, and The Pelican Group, Inc., is granted.

2.      Benjamin Taylor, the Pelican Group Employer Solutions Plan, and The Pelican Group, Inc., jointly and severally, shall pay the sum of $108.50 to "Stanley & Keren Lange" in the form of a certified check or money order within fourteen (14) calendar days of the date of this Order.

3.      Benjamin Taylor, the Pelican Group Employer Solutions Plan, and The Pelican Group, Inc., jointly and severally, shall pay the sum of $1,000 to the "Dempsey Law Firm" in the form of a certified check or money order within fourteen (14) calendar days of the date of this Order.

4.      Within fourteen (14) calendar days of the date of this Order, Benjamin Taylor shall provide, via Federal Express or UPS, all counsel of record with written notice of at least ten (10) different dates and times in March of 2006 when he is available to submit to an oral deposition at a location within 100 miles of this Court designated by counsel for plaintiffs.

5.      Within fourteen (14) calendar days of the date of this Order, the Pelican Group Employer Solutions Plan and The Pelican Group, Inc. shall designate one or more representatives for purposes of oral deposition and shall further provide, via Federal Express

5

or UPS, all counsel of record with written notice of at least ten (10) different dates and times in March of 2006 when such representatives are available to submit to an oral deposition at a location within 100 miles of this Court designated by counsel for plaintiffs.

6.      Benjamin Taylor, the Pelican Group Employer Solutions Plan, and The Pelican Group, Inc. are hereby put on notice that failure to comply with any aspect of this Order, or any further failure to comply with discovery obligations, may be grounds for striking their Answers and Affirmative Defenses and for entry of a default judgment against each of them based on the demand of the Complaint.

Dated at Green Bay, Wisconsin this   31st   day of January, 2006.

**BY THE COURT:**


s/ William C. Griesbach
William C. Griesbach
United States District Court Judge